E-Filed on: December 13, 2013

| SULLIVAN, HILL, LEWIN, REZ, & ENGEL<br>A Professional Law Corporation<br>James P. Hill, CA SBN 90478 (Pro Hac Vice)<br>Jonathan S. Dabbieri, CA SBN 91963 (Pro Hac Vice)<br>Elizabeth E. Stephens, NV SBN 5788<br>228 South Fourth Street, First Floor<br>Las Vegas, NV 89101<br>Telephone: (702) 382-6440<br>Fax Number: (702) 384-9102<br><br>Attorneys for Chapter 7 Trustee,<br>William A. Leonard, Jr. | THE MAJORIE FIRM LTD.<br>Francis B. Majorie PC<br>*Pro Hac Vice* (Per AR Bk Doc. 1915 ¶ 153)<br><br>3514 Cedar Springs Road<br>Dallas, TX 75219<br>Telephone: (214) 522-7400<br>Fax: (214) 522-7911<br><br>Attorneys For The Claims Recovery Trust | GIBSON, DUNN & CRUTCHER LLP<br><br>Kevin S. Rosen<br>*Pro Hac Vice (CA Bar 133304)*<br>Craig H. Millet<br>*Pro Hac Vice (CA Bar 106027)*<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone: (213) 229-7635<br>Fax: (213).229.6635<br><br>Attorneys for Bryan Cave, LLP |

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>ASSET RESOLUTION, LLC,<br><br>    Debtor.<br>_____<br>Affects:<br><br>  All Debtors<br>_____<br>WILLIAM A. LEONARD, JR., Chapter 7 Trustee,<br><br>    Plaintiff,<br><br>v.<br><br>BRYAN CAVE, LLP<br><br>    Defendant.<br>_____ | CASE NO. BK-S-09-32824-RCJ (Lead Case)<br><br>Jointly Administered with Case Nos.:<br>BK-S-09-32831-RCJ; BK-S-09-32839-RCJ;<br>BK-S-09-32843-RCJ; BK-S-09-32844-RCJ;<br>BK-S-09-32846-RCJ; BK-S-09-32849-RCJ;<br>BK-S-09-32851-RCJ; BK-S-09-32853-RCJ;<br>BK-S-09-32868-RCJ; BK-S-09-32873-RCJ;<br>BK-S-09-32875-RCJ; BK-S-09-32878-RCJ;<br>BK-S-09-32880-RCJ; BK-S-09-32882-RCJ<br><br>Chapter 7<br><br>ADV. CASE NO. 11-01297-RCJ<br><br>**JOINT MOTION TO DISMISS ADVERSARY PROCEEDING WITH PREJUDICE AND TO VACATE SANCTIONS ORDER**<br><br>Ctrm:  RCJ - Courtroom 6<br>       Bruce R. Thompson Federal Building<br>       400 S. Virginia Street<br>       Reno, NV 89501<br>Judge: Hon. Robert C. Jones |

This Joint Motion To Dismiss Adversary Proceeding With Prejudice and to Vacate Sanctions Order (**"Motion"**) is brought jointly by (a) Plaintiff William A. Leonard, Jr., as the Chapter 7 Trustee (the **"Trustee"**) for the bankruptcy estate of Asset Resolution, LLC (the **"AR Estate"**) in the above-referenced jointly administered bankruptcy cases (jointly and severally, the **"AR Bankruptcy Case"**), (b) The Claims Recovery Trust, and (c) Defendant Bryan Cave, LLP (**"Bryan**

22100589.1

Cave"). This Motion is brought pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure applicable under Rule 7041 of the Federal Rules of Bankruptcy Procedure. All capitalized terms not defined in this Motion shall have the same meaning as defined in the Agreed Order Regarding Settlement and Related Relief that was entered on September 6, 2012 in the AR Bankruptcy Case [AR Estate Dkt. No. 1915] ("**Asset Resolution Agreed Order**"), including the Claims Recovery Trust Agreement attached thereto.

## I.
## THE RELIEF REQUESTED IS TO CARRY OUT THE TERMS OF A SETTLEMENT BETWEEN THE PARTIES

This Motion arises out of a settlement between The Claims Recovery Trust and the Silar Parties, on the one hand, and Bryan Cave and Katherine Windler ("**Windler**"), on the other hand. That settlement fully and finally resolves all claims and Causes of Action between them (the "**Bryan Cave Settlement**"), including (a) all claims asserted by the Trustee on behalf of the AR Estate in the above-captioned adversary proceeding, all of which were assigned to The Claims Recovery Trust, (b) all claims and Causes of Action held by the Silar Parties, the B&B DL Settling Clients and the Additional Parties, including all claims that were assigned by them to The Claims Recovery Trust, (c) all other claims and Causes of Action that were assigned to The Claims Recovery Trust, (d) all claims and Causes of Action arising from the Sanctions Order entered by the Court on May 25, 2010, against Bryan Cave and Windler, among others, in the AR Bankruptcy Case [AR Estate Dkt. No. 884] ("**Sanctions Order**") and (e) all claims for unpaid fees of Bryan Cave against the AR Estate.

As an essential element of the Bryan Cave Settlement, The Claims Recovery Trust (with the consent of the Silar Parties), the AR Estate and Bryan Cave, through this Motion, are jointly requesting that the Court enter an order: (a) affirming the power and authority of The Claims Recovery Trust to enter into the Bryan Cave Settlement and to release all claims and Causes of Action against Bryan Cave and Windler which were assigned to The Claims Recovery Trust; (b)

vacating the Sanctions Order and all related factual findings *ab initio*, thereby also terminating any rights under the Sanctions Carve-Out; and (c) dismissing the above-captioned adversary proceeding with prejudice. The foregoing is proposed to be accomplished pursuant to an agreed form of Order Granting Joint Motion To Dismiss And Dismissing Adversary Proceeding With Prejudice And Vacating Sanctions Order (a copy of which is attached hereto and which is also being lodged along with this Motion).

## II.
## RELEVANT BACKGROUND

A. On May 25, 2010, the Court entered the Sanctions Order in the AR Bankruptcy Case imposing joint and several sanctions against Bryan Cave, Windler, and other parties, and further ordered the disgorgement of a prepetition retainer received by Bryan Cave.

B. On September 6, 2012, this Court entered the Asset Resolution Agreed Order, which set forth the terms of, and approved an omnibus settlement between, the AR Estate and parties defined in the Asset Resolution Agreed Order as the **"B&B DL Settling Clients,"** the **"Silar Parties,"** and "**Additional Parties**." In connection with that omnibus settlement, which the Court approved in the Asset Resolution Agreed Order, the Court also approved the formation of The Claims Recovery Trust pursuant to the "Claims Recovery Trust Agreement." The Claims Recovery Trust Agreement was attached to the Asset Resolution Agreed Order and made a part thereof.

C. As provided in the Asset Resolution Agreed Order, the "B&B DL Settling Clients" also include the No-Contact Clients who ultimately accept the terms of the settlement approved in the Asset Resolution Agreed Order and, therefore, become B&B DL Settling Clients.

D. Paragraphs 26 through 31, 133, 142, 174, and 178 of the Asset Resolution Agreed Order identified the B&B DL Settling Clients who transferred and assigned to The Claims Recovery Trust all Causes of Action defined as all actual and potential claims and causes of action the B&B DL Settling Clients may have and may have had against Bryan Cave and Windler, known and

unknown, asserted and unasserted, whether accrued or unaccrued, whether now existing or hereafter arising.

E.  Paragraphs 133, 142, 174, and 178 of the Asset Resolution Agreed Order also confirmed the validity of the transfers and assignments by the AR Estate and the Silar Parties to The Claims Recovery Trust of all Causes of Action against Bryan Cave and Windler (except for the Sanctions Carve-Out retained by the Silar Parties).

F.  Among the Causes of Action assigned to The Claims Recovery Trust were: (a) the claims asserted by the AR Estate through its Trustee, in the above-captioned adversary proceeding; (b) all claims for fraudulent transfers, fraudulent conveyances, preference claims, and any other claims arising under the Bankruptcy Code; and (c) the sanctions and other relief granted in the Sanctions Order.

G.  Paragraph 155 of the Asset Resolution Agreed Order and section 3.6 of The Claims Recovery Trust Agreement appointed and further vested The Claims Recovery Trust with the power to pursue and settle Causes of Action assigned to The Claims Recovery Trust by the B&B DL Settling Clients, the AR Estate, the Additional Parties, and/or the Silar Parties, even if a "Disabling Condition" arose which prevented or might prevent a transfer of legal title of such Causes of Action to The Claims Recovery Trust (such as, for example only, possible prohibitions against assignment of a malpractice or other claim under applicable law).

H.  Paragraph 161 of the Asset Resolution Agreed Order contained a "carve-out" providing that the Silar Parties shall retain its Causes of Action against Bryan Cave and Windler "with respect to the matters which gave rise to the Sanctions Order . . ." (the **"Sanctions Carve-Out"**).  Paragraph 161 of the Asset Resolution Agreed Order also provided that "Silar shall have the continuing right to require the B&B DL Settling Clients to provide releases of all Causes of Action (including without limitation the Sanctions Order) against . . . Bryan Cave and Windler . . . in exchange for receiving a mutual release of Causes of Action from such person(s) or entity(ies)."

I. The Asset Resolution Agreed Order and The Claims Recovery Trust Agreement also provided that the Court shall retain jurisdiction to implement the terms of the Asset Resolution Agreed Order and to grant such relief as may be necessary and appropriate to effect the purposes and intent of the Asset Resolution Agreed Order and The Claims Recovery Trust Agreement. [AR Estate Dkt. No. 1915 at p. 68, § 184 I & at p. 113, §3.8.]

### III.
### THE RELIEF SOUGHT IN THIS MOTION AND THE REQUESTED AGREED ORDER

Upon the entry of the agreed form of Order Granting Joint Motion To Dismiss and Dismissing Adversary Proceeding With Prejudice and Vacating Sanctions Order filed concurrently with this Motion, the Bryan Cave Settlement provides for the release of (a) all claims asserted by the Trustee on behalf of the AR Estate in the above-captioned adversary proceeding, (b) all claims and Causes of Action held by and otherwise assigned to The Claims Recovery Trust, (c) all claims and Causes of Action held by the Silar Parties, the B&B DL Settling Clients and the Additional Parties, (d) all claims related to the Sanctions Order and the Sanctions Carve-Out, and (e) all claims held by Bryan Cave against the AR Estate.

The Bryan Cave Settlement also provides for the release of all claims held by The Claims Recovery Trust (**"CRT Claims"**) (in addition to those Causes of Action assigned to The Claims Recovery Trust by the AR Estate, the Silar Parties, the B&B DL Settling Clients, the Additional Parties, and the No-Contact Clients) arising out of or related to any act, omission, sanctions order, fact, transaction, or occurrence by or involving Bryan Cave, Windler and related parties, including without limitation: (a) those alleged, described, or identified (or which could have been alleged, described, or identified) in (i) the above captioned adversary proceeding, (ii) in *Leonard C. Adams, et al. v. Compass USA SPE, LLC, et al.,* [Case No. 3:11-cv-00210-RCJ-VPC], (iii) in *3685 San Fernando Lenders, LLC, v. Compass USA SPE, LLC, et al.*, [Case No. 2:07-cv-00892-RCJ-GWF], (iv) in the 1100 Adversary, and (v) in *In re USA Commercial Mortgage Company*, Case No. BK-S-

06-10725-LBR; (b) the Sanctions Order (including by way of example only and without limitation, any claim by the AR Estate to recover any amount from Bryan Cave pursuant to the Sanctions Order, *other than* the $133,108.36 previously delivered to the AR Estate by Bryan Cave); (c) any claim as to Supersedeas Bond Numbers 0001505 and 0001506 issued by Argonaut Insurance Company, which shall be exonerated and released); (d) the Sanctions Carve-Out; (e) the Asset Resolution Bankruptcy Case; and/or (f) those Causes of Action or claims relating directly or indirectly to the Settlement Loans (including by way of example only and without limitation, fees for services rendered, charges for costs incurred, proofs of claim (whether filed, un-filed, or withdrawn), claims under the Servicing Claims Procedure (whether filed, unfiled, or withdrawn), or claims of contribution or indemnity (whether asserted or un-asserted) against the AR Estate, the Silar Parties, the B&B DL Settling Clients, and/or Additional Parties; (e) any loan collections from any Settlement Loans, and/or the Silar Parties); (f) claims or Causes of Action related to Compass; (g) any Causes of Action under Chapter 5 of the United States Bankruptcy Code; and/or (h) any other claim or action not yet filed**.**

As a necessary element of the Bryan Cave Settlement, this Motion seeks the entry of the Order Granting Joint Motion To Dismiss And Dismissing Adversary Proceeding With Prejudice And Vacating Sanctions Order. That Order includes the finding that, based on the Asset Resolution Agreed Order and with the exception of the Sanctions Carve-Out, all Causes of Action of each of The Claims Recovery Trust and the Silar Parties against Bryan Cave and/or Windler have validly been assigned to or otherwise succeeded to and have vested in The Claims Recovery Trust and that The Claims Recovery Trust has the exclusive authority to settle and release the CRT Claims and Causes of Action. Therefore, the Bryan Cave Settlement and the releases given by The Claims Recovery Trust bind the AR Estate, the B&B DL Settling Clients, the Additional Parties (if any) who are beneficiaries of the Claims Recovery Trust and who are entitled to receive a Distribution from the Claims Recovery Trust as a result of the Bryan Cave Settlement; and the Silar Parties.

The Order Granting Joint Motion To Dismiss And Dismissing Adversary Proceeding With Prejudice and Vacating Sanctions Order requested in this Motion also vacates the Sanctions Order. Other than Bryan Cave and Windler, this Court has previously vacated the Sanctions Order as to all other persons and firms named in the Sanctions Order. Vacating the Sanctions Order as to Bryan Cave and Windler as part of the Bryan Cave Settlement will resolve all pending litigation (and potential litigation) involving Bryan Cave and Windler which is now pending or which could have been or could be filed in this Court as to the AR Bankruptcy Case. It will also eliminate any appeal from the Sanctions Order at the conclusion of the Asset Resolution Bankruptcy Case and allow for the release of Supersedeas Bond Numbers 0001505 and 0001506 which Bryan Cave caused to be posted as to an appeal of the Sanctions Order – an appeal that previously was dismissed on July 11, 2012 as premature by the United States Court of Appeals for the Ninth Circuit.

In addition to being entered in this adversary proceeding, as a condition to the Bryan Cave Settlement, the Parties also request that the Order Granting Joint Motion To Dismiss And Dismissing Adversary Proceeding With Prejudice and Vacating Sanctions Order be entered in the AR Bankruptcy Case.

The Trustee joins in this Motion because he is still identified as the nominal Plaintiff in the above-captioned adversary proceeding. The Trustee believes that: (a) upon the Court's approval of the Motion and the entry of the agreed Order Granting Joint Motion To Dismiss and Dismissing Adversary Proceeding With Prejudice and Vacating Sanctions, as a result of the Asset Resolution Agreed Order, the settlement and release of all Causes of Action and CRT Claims as provided in the Bryan Cave Settlement is binding on the AR Estate; and, (b) to the Trustee's knowledge, the AR Estate holds no claims or causes of action against Bryan Cave and/or Windler which have not been assigned to The Claims Recovery Trust (whether or not the claims were pled in the Complaint on file in this adversary proceeding).

WHEREFORE the moving parties jointly request that the Court (1) grant this Motion and enter the attached agreed Order Granting Joint Motion To Dismiss And Dismissing Adversary Proceeding With Prejudice and Vacating Sanctions Order, with all parties bearing their own attorney's fees and costs, and (2) that the Order Granting Joint Motion To Dismiss And Dismissing Adversary Proceeding With Prejudice and Vacating Sanctions Order also be entered in the AR Bankruptcy Case.

Dated:  December 13, 2013

**SULLIVAN, HILL, LEWIN, REZ &ENGEL**
**A Professional Law Corporation**

By: /s/ Jonathan S. Dabbieri
James P. Hill
Jonathan S. Dabbieri
Elizabeth E. Stephens
Attorneys for Chapter 7 Trustee,
WILLIAM A. LEONARD, JR.

Dated: December 13, 2013

**THE MAJORIE FIRM LTD**.

By: /s/ Francis B. Majorie
Francis B. Majorie
3514 Cedar Springs Road
Dallas, TX 75219
Attorneys for
THE CLAIMS RECOVERY TRUST

Dated: December 13, 2013

**GIBSON, DUNN & CRUTCHER LLP**

By: /s/ Kevin S. Rosen
Kevin S. Rosen
*Pro Hac Vice (CA Bar 133304)*
Craig H. Millet
*Pro Hac Vice (CA Bar 106027)*
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7635
Fax: (213).229.6635

Attorneys for
BRYAN CAVE, LLP