1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re | ) CASE NO. BK-S-09-32824-RCJ (Lead Case) |
| | ) |
| ASSET RESOLUTION, LLC, | ) Jointly Administered with Case Nos.: |
| | ) BK-S-09-32831-RCJ; BK-S-09-32839-RCJ; |
| Debtor. | ) BK-S-09-32843-RCJ; BK-S-09-32844-RCJ; |
| | ) BK-S-09-32846-RCJ; BK-S-09-32849-RCJ; |
| | ) BK-S-09-32851-RCJ; BK-S-09-32853-RCJ; |
| | ) BK-S-09-32868-RCJ; BK-S-09-32873-RCJ; |
| Affects: | ) BK-S-09-32875-RCJ; BK-S-09-32878-RCJ; |
| | ) BK-S-09-32880-RCJ; BK-S-09-32882-RCJ |
| All Debtors | ) |
| | ) Chapter 7 |
| WILLIAM A. LEONARD, JR., Chapter 7 | ) ADV. CASE NO. 11-01297-RCJ |
| Trustee, | ) |
| | ) **ORDER GRANTING JOINT** |
| Plaintiff, | ) **MOTION TO DISMISS ADVERSARY** |
| | ) **PROCEEDING WITH PREJUDICE AND** |
| v. | ) **TO VACATE SANCTIONS ORDER** |
| | ) |
| BRYAN CAVE, LLP. | ) Ctrm:  RCJ - Courtroom 6 |
| | ) Bruce R. Thompson Federal Building |
| | ) 400 S. Virginia Street |
| Defendant. | ) Reno, NV 89501 |
| | ) Judge: Hon. Robert C. Jones |
| | ) |

The Court has considered the Joint Motion to Dismiss Adversary Proceeding With Prejudice

and to Vacate Sanctions Order filed by (a) Plaintiff William A. Leonard, Jr., as the Chapter 7 Trustee

(the **"Trustee"**) for the bankruptcy estate of Asset Resolution, LLC (the **"AR Estate"**) in the above-

referenced jointly administered bankruptcy cases (jointly and severally, the **"AR Bankruptcy**

**Case"**), (b) The Claims Recovery Trust, and (c) Defendant Bryan Cave, LLP (**"Bryan Cave"**) and

finds that good cause exists for granting the Motion.  All capitalized terms not defined in this Order shall have the same meaning as defined in the Agreed Order Regarding Settlement and Related Relief that was entered on September 6, 2012 in the AR Bankruptcy Case [AR Estate Dkt. No. 1915] (**"Asset Resolution Agreed Order"**), including the Claims Recovery Trust Agreement attached thereto.  The Court now rules and finds as follows:

1.    On May 25, 2010, the Court entered the Sanctions Order in the AR Bankruptcy Case imposing joint and several sanctions against Bryan Cave, Katherine Windler (**"Windler"**), and other parties and further ordered the disgorgement of a prepetition retainer received by Bryan Cave [AR Estate Dkt. No. 884] (**"Sanctions Order"**).

2.    On September 6, 2012, this Court entered the Asset Resolution Agreed Order, which set forth the terms of, and approved an omnibus settlement between, the AR Estate and parties defined in the Asset Resolution Agreed Order as the **"B&B DL Settling Clients,"** the **"Silar Parties,"** and **"Additional Parties."**  In the Asset Resolution Agreed Order, the Court also approved the formation of The Claims Recovery Trust pursuant to the "Claims Recovery Trust Agreement." The Claims Recovery Trust Agreement was attached to the Asset Resolution Agreed Order and made a part thereof.

3.    As provided in the Asset Resolution Agreed Order, the "B&B DL Settling Clients" also include the No-Contact Clients who ultimately accept the terms of the settlement approved in the Asset Resolution Agreed Order and, therefore, become B&B DL Settling Clients.

4.    Paragraphs 26 through 31, 133, 142, 174, and 178 of the Asset Resolution Agreed Order identified the B&B DL Settling Clients who transferred and assigned to The Claims Recovery Trust all Causes of Action defined as all actual and potential claims and causes of action the B&B DL Settling Clients may have and may have had against Bryan Cave and Windler, known and unknown, asserted and unasserted, whether accrued or unaccrued, whether now existing or hereafter arising.

5.      Paragraphs 133, 142, 174, and 178 of the Asset Resolution Agreed Order also confirmed the validity of the transfers and assignments by the AR Estate and the Silar Parties to The Claims Recovery Trust of all Causes of Action against Bryan Cave and Windler (except for the Sanctions Carve-Out retained by the Silar Parties).

6.      Among the Causes of Action assigned to The Claims Recovery Trust were: (a) the claims asserted by the AR Estate through its Trustee in the above-captioned adversary proceeding; (b) all claims for fraudulent transfers, fraudulent conveyances, preference claims, and any other claims arising under the Bankruptcy Code; and (c) the sanctions and other relief granted in the Sanctions Order.

7.      Paragraph 155 of the Asset Resolution Agreed Order and section 3.6 of The Claims Recovery Trust Agreement appointed and further vested The Claims Recovery Trust with the power to pursue and settle Causes of Action assigned to The Claims Recovery Trust by the B&B DL Settling Clients, the AR Estate, the Additional Parties, and/or the Silar Parties, even if a "Disabling Condition" arose which prevented or might prevent a transfer of legal title of such Causes of Action to The Claims Recovery Trust (such as, for example only, possible prohibitions against assignment of a malpractice or other claim under applicable law).

8.      Paragraph 161 of the Asset Resolution Agreed Order contained a "carve-out" providing that the Silar Parties shall retain its Causes of Action against Bryan Cave and Windler "with respect to the matters which gave rise to the Sanctions Order . . ." (the **"Sanctions Carve-Out"**). Paragraph 161 of the Asset Resolution Agreed Order also provided that "Silar shall have the continuing right to require the B&B DL Settling Clients to provide releases of all Causes of Action (including without limitation the Sanctions Order) against . . . Bryan Cave and Windler . . . in exchange for receiving a mutual release of Causes of Action from such person(s) or entity(ies)."

9.      The Asset Resolution Agreed Order and The Claims Recovery Trust Agreement also provided that the Court shall retain jurisdiction to implement the terms of the Asset Resolution

1    Agreed Order and to grant such relief as may be necessary and appropriate to effect the purposes and

2    intent of the Asset Resolution Agreed Order and The Claims Recovery Trust Agreement. [AR Estate

3    Dkt. No. 1915 at p. 68, § 184 I & at p. 113, §3.8.]

4
       10.    The Motion arises out of a settlement between The Claims Recovery Trust and the

5    Silar Parties, on the one hand, and Bryan Cave and Windler, on the other hand.  That settlement fully

6    and finally resolves all claims and Causes of Action between them (the **"Bryan Cave Settlement"**),

7    including (a) all claims asserted by the Trustee on behalf of the AR Estate in the above-captioned

8    adversary proceeding, all of which were assigned to The Claims Recovery Trust, (b) all claims and

9    Causes of Action held by the Silar Parties, the B&B DL Settling Clients and the Additional Parties,

10   including all claims that were assigned by them to The Claims Recovery Trust, (c) all other claims

11   and Causes of Action against Bryan Cave and Windler that were assigned to The Claims Recovery

12   Trust, (d) all claims, rights to payment and Causes of Action arising from the Sanctions Order

13   entered by the Court on May 25, 2010, against Bryan Cave and Windler, among others, in the AR

14   Bankruptcy Case (other than the Sanctions Carve-Out), and (e) all claims for unpaid fees of Bryan

15   Cave against the AR Estate.

16
17          11.    As a term of settlement of the Bryan Cave Settlement, The Claims Recovery Trust

18   (with the consent of the Silar Parties), the AR Estate and Bryan Cave agreed to file a joint motion

19   requesting that the Court enter an order: (a) affirming the power and authority of The Claims

20   Recovery Trust to enter into the Bryan Cave Settlement and to release all claims and Causes of

21   Action against Bryan Cave and Windler which were assigned to The Claims Recovery Trust; (b)

22   vacating the Sanctions Order and all related factual findings *ab initio*, thereby also terminating any

23   rights under the Sanctions Carve-Out; and (c) dismissing the above captioned adversary proceeding

24   with prejudice.

25
26          12.    The Court finds that proper and sufficient notice of the Motion has been given and

27   that good cause exists to grant the relief requested by the Parties in the Motion.

28

1    IT IS THEREFORE HEREBY ORDERED THAT the Court hereby reaffirms and again finds

2    and holds, based on the Asset Resolution Agreed Order, and with the exception of the Sanctions

3    Carve-Out, (a) that all Causes of Action of each of The Claims Recovery Trust and the Silar Parties

4    against Bryan Cave and/or Windler were validly assigned to or otherwise succeeded to and have

5    vested in The Claims Recovery Trust, and (b) that The Claims Recovery Trust has the exclusive

6    authority to settle and release the CRT Claims and Causes of Action.   Therefore, the Bryan Cave

7

8    Settlement and the releases given by The Claims Recovery Trust bind the AR Estate, the B&B DL

9    Settling Clients, the Additional Parties (if any) who are beneficiaries of the Claims Recovery Trust

10    and who are entitled to receive a Distribution from the Claims Recovery Trust as a result of the

11    Bryan Cave Settlement, and the Silar Parties, and all of them therefore are barred from asserting any

12    Causes of Action which are the subject of the releases in the Bryan Cave Settlement.

13

14    IT IS FURTHER ORDERED THAT: (a) the Sanctions Order shall be vacated and all

15    sanctions and all findings relating thereto against Bryan Cave and/or Windler shall be automatically

16    vacated *nunc pro tunc* as of May 25, 2010; (b) the motion for sanctions filed against Bryan Cave and

17    Windler (AR. Bk. Doc. 392) shall be deemed denied *nunc pro tunc* as to Bryan Cave and Windler;

18    and (c) Supersedas Bond Numbers 0001505 and 0001506 (the "Bonds") issued by Argonaut

19    Insurance Company ("Argonaut") in connection with the Sanctions Order are exonerated and may be

20    cancelled, and all liability of Argonaut relating to the Bonds is released.   Nothing in this Order

21    allows Windler or Bryan Cave to obtain a return of any monies which they have already paid or

22

23    delivered pursuant to the Sanctions Order.   A copy of this Order shall be entered in the AR

24    Bankruptcy Case and shall have the effect of vacating the Sanctions Order as provided in this Order.

25    //

26    //

27    //

28    //

1    IT IS FURTHER ORDERED THAT the above-captioned adversary proceeding is dismissed

2  with prejudice with all parties to bear their own costs and attorney's fees.

3    IT IS SO ORDERED this ___ day of _____, 2013.

4

5                                                    _____

6                                                    Hon. Robert C. Jones
                                                    UNITED STATES DISTRICT JUDGE

7  AGREED AS TO FORM AND SUBSTANCE:

8
     By: */s/ Francis B. Majorie*              By: */s/ Kevin S. Rosen*
9        _____                 _____
         Francis B. Majorie PC                     Kevin S. Rosen
10        Attorney For The Claims Recovery Trust    Attorney For Bryan Cave, LLP

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28